[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A decree of dissolution was entered in the above matter on October 25, 1996 (Coppeto, J.). As part of the dissolution, the court also approved, entered as an order and incorporated by reference the stipulation of the parties dated October 4, 1996 as to custody, visitation and other matters as more fully set forth in the stipulation.
The court retained jurisdiction to enter orders as to alimony, counsel fees and additional overnight visitation,, which issues the parties were unable to agree upon.
The court declines to assess fault to either party for the breakdown of the marital relationship.
The parties married in November 1987. Throughout most of the marriage the defendant husband continued his education. He obtained a degree in chiropractic medicine in 1996 and plans to take his chiropractic boards in January 1997. The defendant has a B.S. degree in chemistry/biology; he received an R.N. from St. Vincent's Hospital; he obtained a master's in clinical psychiatry and did a year of post graduate study as a physician's assistant. During the past eight years, the defendant has been going to school full time and working full time.
During the course of the marriage, the defendant worked full time. The plaintiff wife also worked as best she could during the course of the marriage. In previous years when she was able to work full time, the plaintiff was able to earn approximately $40,000 per year in her profession as a nurse. The plaintiff has recently returned to work and expects to earn approximately $10,000 for the year 1996. The parties three minor children are CT Page 8674 aged eight, seven and five years of age. The plaintiff has a day care expense of $150 per week for the minor children.
The defendant's income for this year will be approximately $45,760. The defendant works 25 hours per week at Yale-New Haven Hospital. The defendant testified that after a two year period he expects to earn approximately $100,000 to $115,000 per year. The defendant felt the plaintiff is entitled to benefit from his professional income.
The defendant was not forthcoming with verification of his income. He filed two different financial affidavits during the course this trial. On the last day of the trial he provided verification of his earnings from Yale-New Haven for the past 14 weeks. This verification indicated an average gross of $952.94 per week, a figure higher than the gross reported on the defendants' two previous affidavits.
The defendant reported per diem work at Key Personnel on his October 4, 1996 affidavit. His October 25, 1996 affidavit indicates that job has ended, but he is now teaching at the University of Bridgeport earning an additional $90 per week until December.
The defendant has the ability, capacity and educational background to earn a substantial income. No medical reason was advanced that would prevent the defendant from working more than 25 hours per week.
The court has carefully considered §§ 46b-81, 46b-82,46b-56, 46b-62 and 46b-84 Conn. General Statutes in reaching the decisions reflected in the orders that follow.
ALIMONY
There is a discrepancy with respect to the defendant's current income. There are two conflicting financial affidavits as well as an employee earnings report showing income for the Past 14 weeks.
The plaintiff is entitled to benefit from the defendant's pursuit of his career and education during the course of this marriage. The defendant has the ability and capacity to earn a substantial income. He has the ability and capacity to work more than 25 hours per week. CT Page 8675
The plaintiff is awarded periodic alimony in the amount of $40 per week for a period of five years. However, the amount of alimony shall be reviewed within one year of date. It is anticipated that the defendant's income should have improved and a more appropriate award for alimony can be entered at that time. Further, for the next five years, the defendant shall provide the plaintiff with a signed copy of his income tax return by May 1 of each year commencing with the calendar year of 1997.
VISITATION
The parties were at odds over additional overnight visitation. The defendant was requesting a week night overnight visitation in addition to his alternate weekend visitation schedule. The plaintiff felt a midweek overnight visitation was disruptive to the three minor children's school schedule. This court agrees.
In addition to the visitation schedule the parties have agreed to in the stipulation dated October 4, 1996, the defendant shall be entitled to the following:
 Once a month, the defendant shall have visitation on Saturday or Sunday, defendant's choice, from 10:30 a.m. to 6:30 p.m.
 The defendant shall give the plaintiff notice by the prior Thursday as to his choice of Saturday or Sunday.
It is anticipated that as the children get older the overnight visitations shall increase and the entire visitation schedule shall be expanded.
The defendant shall be responsible to take the children to any of their planned activities, such as sports, dancing lessons, et cetera, when he has the children for visitation.
COUNSEL FEES
The defendant shall pay to the plaintiff as a contribution towards her attorney's fees the sum of $1500 payable within one year of date. CT Page 8676
Coppeto, J.